**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY ELIZABETH REEVES, Ancillary
Administrator C.T.A. of the Estate
of Robert Bruce Reeves,
<u>Plaintiff-Appellant,</u>

v.

No. 96-1375

H. N. FUNKHOUSER & COMPANY,
INCORPORATED; OLD WORLD
INDUSTRIES, INCORPORATED;
INDUSTRIAL TERMINAL SYSTEMS,
INCORPORATED,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
B. Waugh Crigler, Magistrate Judge.
(CA-94-94-H)

Argued: January 28, 1997

Decided: April 8, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel Leroy Fitch, WHARTON, ALDHIZER & WEA-
VER, P.L.C., Harrisonburg, Virginia, for Appellant. John David

McGavin, TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellees. **ON BRIEF:** Kevin M. Rose, WHARTON, ALDHIZER & WEAVER, P.L.C., Harrisonburg, Virginia, for Appellant. W. F. Drewry Gallalee, WILLIAMS, MULLIN, CHRISTIAN & DOBBINS, Richmond, Virginia; John W. Zunka, TAYLOR, ZUNKA, MILNOR & CARTER, LTD., Charlottesville, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Reeves, a construction company employee, was killed by an explosion that occurred when he cut into an empty 55-gallon drum with an acetylene torch, intending to make a trash barrel. The drum had previously been used to ship antifreeze to the construction company.

Reeves' widow brought this wrongful death action, alleging under Virginia law that the manufacturer, the distributor, and the seller of the original 55-gallon drum of antifreeze breached express and implied warranties and were negligent. She alleged that at some point before the drum left the defendants' control, gasoline was introduced into the drum, causing it to explode when the drum was cut, and that the defendants failed to warn of this hazard.

The defendants filed a motion for summary judgment on the ground that Reeves' widow could not present any evidence that the gasoline was introduced during the antifreeze manufacturing process or that it was in the drum when it left the custody of the defendants. On the contrary, they presented evidence suggesting that Reeves' employer, a road contractor, may have used drums of the type involved here earlier to store gasoline at the construction site or to

2

transport it. They also presented evidence tending to support affirmative defenses that Reeves had been contributorily negligent, had assumed the risk of his injuries, and had misused the drum. The district court granted the defendants' motion for summary judgment, concluding that Reeves' widow failed to present any evidence that gasoline was present in the drum when it left control of the defendants. It also concluded that Reeves was, as a matter of law, contributorily negligent or assumed the risk of his injuries. This appeal followed.

We have reviewed the record carefully and have considered the arguments of counsel, presented both in their briefs and at oral argument. Yet, we have been directed to no evidence, nor have we been able to find any, from which a rational jury could conclude that the defendants introduced gasoline into the drum or that the drum contained gasoline when it left their possession. Although Reeves' widow presented evidence that the drum did contain traces of gasoline at the time of the explosion and that traces of gasoline could be found in the antifreeze of some of the vehicles used by the construction company, she was unable to demonstrate that the defendants were the source of that gasoline. At most, she speculates that the gasoline could have been in the drum before it reached the defendants, because the drum was a reconditioned drum, and that the defendants' inspection procedures may have been lacking. But she presented no evidence that the drums ever had gasoline in them or that the manufacturing of antifreeze involved the use of gasoline.

While the accident was a tragic one, the evidence that Reeves' widow was able to develop against these defendants is simply too conjectural to sustain her burden. Accordingly, we affirm the district court's entry of summary judgment without the need to review the district court's decision on defendants' affirmative defenses.

AFFIRMED

3